[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On or about June 19, 1984, the plaintiff Donna Taylor retained the defendant Lloyd Frauenglass to represent her in a divorce action. On June 14, 1986, a judgment was entered in the divorce action. The defendant attorney failed and neglected to record a quit claim deed which would have conveyed to the plaintiff that interest in the family home held by her former husband. The defendant did not advise the plaintiff that the quit claim deed had not been recorded and that the transfer of property to her name had not been accomplished. In count four of the complaint, the plaintiff alleges that the defendant's failure to communicate to her his failure to transfer title and his failure to record the quit claim deed constitute a violation of Conn. Gen. Stat. 42-110b
(CUTPA).
The defendant moves to strike count four on the grounds that the plaintiff has failed to sufficiently allege a CUTPA violation. When ruling on a motion to strike, the facts alleged in the complaint are construed in the manner most favorable to the pleader. Amodio v. Cunningham, 182 Conn. 80,82 (1980) All well-pleaded facts and those necessarily implied from the allegations are taken as admitted. Id. at 83
The defendant first claims that an allegation of a single transaction will not support a CUTPA claim. A majority of Superior Court decisions have held that an allegation of a single transaction is sufficient to state a CUTPA violation. See e.g., Arzonetti v. Bank of Boston Connecticut, 9 Conn. L. Rptr. No. 12, 372, 374 (1993); RLG Assoc. Ltd. v. Gardner and Peterson, 9 Conn. L. Rptr. No. 3, 82, 83 (1993); Levesque v Kris Enterprises, 4 Conn. L. Rptr. 86 (1991). The reasoning of these courts is adopted in this case and the fact that only a single transaction is alleged does not provide a basis to strike the complaint.
The defendant next claims that the complaint fails CT Page 7462 to provide sufficient factual support to constitute a CUTPA claim. In determining whether a CUTPA claim exists, the court considers the following criteria:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].
Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 239
(1987).
It is clear that the provision of at least some legal services constitutes "the conduct of any trade or commerce," and that CUTPA applies to the conduct of attorneys. Heslin v. Connecticut Law Clinic of Trantolo and Trantolo,190 Conn. 510, 520-21 (1983). Thus, the question of whether that service is provided unfairly requires the application of the "cigarette rule" innumerated above.
All three criteria set out above "do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Id. at 242 quoting McLaughlin Ford Inc. v. Ford Motor Co.,192 Conn. 558, 569 n. 15 (1984).
In Jones v. Garson, 4 Conn. L. Rptr. 528 (1991), an attorney who set up an irrevocable trust provided a client with erroneous representations relating to the tax consequences of the trust and refused to cooperate in terminating the trust. "For an act to be `deceptive' under [the CUTPA] statute, the action must have a tendency or capacity to deceive the plaintiff." Id. at 529. The court in Jones concluded that the allegations of the complaint sufficiently alleged a deceptive practice and that the CUTPA claim survived a motion to strike. Id. CT Page 7463
This court also concludes that this complaint sufficiently alleges a deceptive practice, and accordingly, defendant's motion to strike count four (Unfair Trade Practices) of plaintiff's complaint is denied.
JOSEPH H. GOLDBERG SENIOR JUDGE